**Mark Anthony REID, on behalf of himself and others similarly situated, Plaintiff/Petitioner,**

v.

**Christopher DONELAN, Sheriff of Franklin County, et al., Defendants/Respondents.**

**No. 13–cv–30125–MAP.**

United States District Court, D. Massachusetts.

Filed May 27, 2014.

Muneer I. Ahmad, A. Nicole Hallett, Miriam Hinman, Kendall Hoechst Yale, Lunar Mai, Elizabeth Song, Ruth Swift, Tina M. Thomas, Michael J. Wishnie, Mary Yanik, Yale Law School, New Haven, CT, Sameer Ahmed, Mark C. Fleming, Rebecca Fabian Izzo, Anant K. Saraswat, Wilmer Hale LLP, Boston, MA, Lauren Carasik, Western New England College, School of Law, Springfield, MA, for Plaintiff/Petitioner.

Yamileth G. Davila, Regan Hildebrand, Colin Abbott Kisor, Elianis N. Perez, J. Max Weintraub, U.S. Department of Justice, Washington, DC, Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Defendants/Respondents.

*MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR NOTICE OF CLASS CERTIFICATION, PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT & PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

**(Dkt. Nos. 95, 96, 117 & 123)**

PONSOR, District Judge.

## I. INTRODUCTION

Plaintiff Mark Anthony Reid has brought this suit on behalf of all aliens in Massachusetts who were or will be detained under 8 U.S.C. § 1226(c) for over six months and not provided an individualized bail hearing. On January 9, 2014, the court granted Plaintiff's individual habeas petition and concluded that detention beyond six months, absent an individualized assessment, was presumptively unreasonable. *Reid v. Donelan*, 991 F.Supp.2d 275, 2014 WL 105026 (D.Mass. Jan. 9, 2014) (*"Reid I"*). On February 10, 2014, the court determined that the case could proceed as a class action. *Reid v. Donelan*, 297 F.R.D. 185 (D.Mass.2014) (*"Reid II"*). Currently pending before the court are Plaintiff's Motion for Notice of Class Certification (Dkt. No. 95), Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 96), and cross-motions for summary judgment (Dkt. Nos. 117 & 123).

As the curtain closes on this litigation, two issues require examination. The penultimate question is whether either party is entitled to summary judgment. The court, reaffirming its view that § 1226(c) includes a six-month "reasonableness" limitation on the length of no-bail detention, will formally award the class judgment as a matter of law.

The more difficult issue is whether the class should receive permanent, equitable relief. That analysis requires the court to address three questions. Is a class-wide injunction permissible? Is it proper? If so, what should it include? Ultimately, because the court possesses jurisdiction to issue class-wide equitable relief and because the relevant factors all suggest that such a remedy is appropriate, an order enjoining Defendants from applying § 1226(c) to the class, detailed in the conclusion of this memorandum, will issue.

## II. BACKGROUND

Plaintiff, Mark Anthony Reid, represents a class of aliens who were (or will be) detained under 8 U.S.C. § 1226(c), were not provided an individualized bail hearing, and were in custody for over six months. The background of this litigation and the underlying statutory framework have previously been outlined in detail. *See Reid v. Donelan*, 991 F.Supp.2d 275, 2014 WL 105026 (D.Mass. Jan.9, 2014) (*"Reid I"*). As a result, only a summary is required here.

Plaintiff came to the United States in 1978 as a lawful permanent resident. He has since amassed a substantial criminal history. In 2010, he was convicted of several crimes in Connecticut state court and was sentenced to twelve years in prison, to be suspended after five.

On November 13, 2012, after serving two years, the state transferred Plaintiff into the custody of Immigration and Customs Enforcement ("ICE"). ICE immediately initiated proceedings to remove him based on four non-violent state drug

convictions.[1] ICE detained Plaintiff under 8 U.S.C. § 1226(c)—a statute that mandates detention for certain criminally convicted aliens and does not provide them any opportunity for a bail hearing.[2] Pursuant to this law, Plaintiff was not afforded any opportunity to seek an individual bail assessment. A different section of the statute, § 1226(a), permits non-mandatory detention and provides those aliens an opportunity for conditional release.

After more than six months of detention, Plaintiff, on July 1, 2013, filed an individual habeas petition seeking the opportunity to argue for release on bail. The driving legal question presented in his petition was whether § 1226(c) included a "reasonableness" requirement after which an individual's detention, absent a bail hearing, became unreasonable.[3] Plaintiff anchored his claim on *Bourguignon v. MacDonald*, 667 F.Supp.2d 175 (D.Mass.2009), where the court found that such a limit did exist. Plaintiff also filed a Motion for Class Certification on August 15, 2013. (Dkt. No. 33.) The next day, Defendants moved to dismiss the case. (Dkt. No. 35.)

After hearing argument on December 12, 2013, the court, on January 9, 2014, granted Plaintiff's individual petition for habeas corpus. *Reid I*, 991 F.Supp.2d 275, 2014 WL 105026. After reexamining its prior decision in *Bourguignon*, it concluded that § 1226(c) must be read as including a "reasonableness" limit to comport with due process. That limitation was set, consistent with an approach adopted by the Ninth Circuit, at six months. *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013).

On February 10, 2014, the court allowed Plaintiff's Motion for Class Certification. *Reid II*, 297 F.R.D. at 194. It defined the class, pursuant to Fed.R.Civ.P. 23, as "all individuals who are or will be detained within the Commonwealth of Massachusetts pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond hearing." *Id.*

Plaintiff, on March 2, 2014, filed a Motion for Notice of Class Certification (Dkt. No. 95) and a Motion for a Preliminary Injunction (Dkt. No. 96). Given the procedural posture of the case, Defendants argued that briefing on those issues should be consolidated with the parties' disposi-

---

1. An Immigration Judge initially ordered Plaintiff removed on April 5, 2013. The Board of Immigration Appeals ("BIA"), however, remanded the case on October 23, 2013, for a hearing on Plaintiff's Convention Against Torture claim. An Immigration Judge held an evidentiary hearing on that matter on November 19, 2013, and again ordered Plaintiff removed. Plaintiff's second appeal to the BIA is currently pending.

2. That statute requires the alien to be detained "when ... released" from criminal custody. Recently, in *Gordon v. Johnson*, the court concluded that such language signified an immediacy requirement and limited the class of aliens subject to mandatory detention. *Gordon v. Johnson*, 300 F.R.D. 31, 2014 WL 2120002 (D.Mass. May 21, 2014). The court ordered equitable relief analogous to the rem-

edy provided here. *Id.* at 42–43, 2014 WL 2120002 at *12–13.

3. A peripheral issue in Plaintiff's case has been his individual challenge to ICE's policy of shackling all § 1226(c) detainees during immigration proceedings without any form of individual consideration. On March 6, 2014, the court concluded that such a policy violated Plaintiff's due process rights. *Reid v. Donelan*, 2 F.Supp.3d 38, 2014 WL 896747 (D.Mass. March 6, 2014). However, because ICE had already provided Plaintiff an individual assessment, he had obtained the remedy he was entitled to and thus was unable to establish irreparable harm. Therefore, the court did not issue an injunction and, instead, allowed Defendants' motion for summary judgment on the issue.

tive motions. (Dkt. No. 103.) The court agreed with Defendants and ordered an expedited briefing schedule. (Dkt. No. 111.) Accordingly, the parties filed their cross-motions for summary judgment on April 4, 2014, (Dkt. Nos. 117 & 123), and counsel appeared for argument on May 7, 2014. The court then took the matter under advisement.

## III. *DISCUSSION*

Though a number of motions are currently pending, they raise two broad questions. The first—whether either party is entitled to summary judgment—is easily answered in Plaintiff's favor given the court's previous rulings.

The more challenging question is what relief is appropriate. This analysis, like the one presented in the court's recent decision in *Gordon*, comprises three issues: whether class-wide equitable relief is permissible under 8 U.S.C. § 1252(f)(1), whether equitable relief is appropriate in this case, and what such relief, if any, should entail.

### A. *Summary Judgment*

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences from those facts in that party's favor. *Pac. Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 369 F.3d 584, 588 (1st Cir.2004). In the absence of a dispute over a genuine issue of material fact, summary judgment is appropriate. *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 6 (1st Cir.1997). When

addressing cross-motions for summary judgment, "the court must consider each motion separately, drawing inferences against each movant in turn." *Id.* at 6.

Both parties agree that the question before the court is one purely of law: whether § 1226(c) includes a "reasonableness" limit on the length of time an individual can be detained without an individual bond hearing and, if so, where that limit lies. Plaintiff believes that the analysis employed for his individual habeas petition equally resolves the class-wide motion here. Defendants argue that the court's prior decisions were incorrect and should be reconsidered.[4]

■ After reviewing *Reid I* and *Bourguignon*, the court again concludes that due process requires § 1226(c) to be read as including a "reasonableness" limit requiring the government to provide detainees a chance at conditional release after that threshold is crossed. That view, as discussed at length in those two decisions, is compelled by two Supreme Court opinions: *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), and *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

In *Zadvydas*, the Supreme Court held that detention following issuance of an order of removal, absent a bail hearing, was only permissible so long as removal was "reasonably foreseeable." 533 U.S. at 699, 121 S.Ct. 2491.[5] After six months, the court concluded that the detention became presumptively invalid and a bail hearing was required. *Id.* at 701, 121 S.Ct. 2491. The Court grounded this limit on its con-

---

4. On March 10, 2014, Defendants indicated that they would be appealing the court's decision on Plaintiff's individual habeas petition. (Dkt. No. 108.)

5. Apparently, even after an alien is ordered removed, it can take a significant period of time—months or even years—to effectuate that order.

cern that indefinite detention would violate due process.

Two years later, the Supreme Court addressed the constitutionality of § 1226(c) in *Demore*. The court upheld the constitutionality of the statute, but assumed that the removal process would be relatively brief. *Demore*, 538 U.S. at 513, 123 S.Ct. 1708. Critically, Justice Kennedy noted in his concurrence that "a lawful permanent resident . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." *Id.* at 532, 123 S.Ct. 1708 (Kennedy, J., concurring)(citing *Zadvydas*, 533 U.S. at 684–86, 121 S.Ct. 2491).

Weighed together, these two cases mandate that § 1226(c) be read as including a temporal limit on detention to avoid due process problems. This view, as discussed in *Reid I*, has been consistently adopted by this district and other courts throughout the country. *See, e.g., Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir.2013); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011); *Flores–Powell v. Chadbourne*, 677 F.Supp.2d 455 (D.Mass.2010) (Wolf, J.); *Sengkeo v. Horgan*, 670 F.Supp.2d 116 (D.Mass.2009) (Gertner, J.) In line with these cases, this court again concludes that it must invoke the canon of constitutional avoidance and interpret the statute as including this "reasonableness" limitation.

The Ninth Circuit's approach to determining the "reasonableness" limit—setting a bright-line six-month rule—is also still the most appropriate. *Robbins*, 715 F.3d at 1133. As emphasized in *Reid I*, this limit is consistent with the Supreme Court's own rule in *Zadvydas*, comports with due process—both in terms of the individual detainee's interests and broader access-to-justice concerns—and is significantly more workable than the alternative, individualized approach Defendants favor. *Reid I*, 991 F.Supp.2d at 279–82, 2014 WL 105026 at *4–6. Because "no persuasive argument justifies discarding this pragmatic approach when dealing with individuals detained under § 1226(c)," the court will apply the six-month rule to the entire class. *Reid I*, 991 F.Supp.2d at 279–80, 2014 WL 105026 at *4.

This court first addressed this legal issue five years ago. The arguments and analysis are largely unchanged. It was as true in *Bourguignon* as it is today: due process requires § 1226(c) detainees the *opportunity* to argue for conditional release after detention extends beyond the six-month limit. As such, the court will award the class judgment as a matter of law.

## B. *Relief*

As noted above, the analysis of appropriate permanent relief presents three issues: whether relief is permissible; whether relief is appropriate; and what the relief should include.

### 1. *Is Relief Permissible?*

The first question is whether § 1252(f)(1) bars classwide equitable relief.[6] That statute states that no court "shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [8 U.S.C. §§ 1221–1231] . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." Defendants contend that

---

**6.** If § 1252(f)(1) did serve as a bar to relief, Plaintiff believes that the court would maintain its habeas jurisdiction and could still issue a class-wide injunction. The court need not decide that issue as § 1252(f)(1), for the reasons discussed, does not bar a remedy here.

the plain language of this law bars equitable relief here.

■ A prolonged analysis is not required. In *Gordon,* the court concluded that a distinction exists between enjoining the "operation" of the law and requiring the government to obey it. *Gordon,* 300 F.R.D. at 39–40, 2014 WL 2120002 at *8–9. Indeed, an injunction "will not prevent the law from operating in any way, but instead would simply force Defendants to *comply* with the statute. The purposes underlying § 1252(f)(1) and associated case law justify this distinction." *Id.* at 40, 2014 WL 2120002, at *9.

If § 1226(c) should be read as requiring a bail hearing after detention becomes unreasonable—which it must—the distinction previously highlighted is equally applicable here. In this case, since a class-wide injunction will only require the government to comply with that proper interpretation, § 1252(f)(1) does not preclude class-wide relief.[7] *See also Rodriguez v. Hayes,* 591 F.3d 1105, 1109 (9th Cir.2010).

### 2. *Is Relief Appropriate?*

■ The second, related question is whether equitable relief *should* issue. To obtain declaratory relief, Plaintiff must show that it "will serve the interests of the litigants or the public." *Metro. Prop. & Liab. Ins. Co. v. Kirkwood,* 729 F.2d 61, 62 (1st Cir.1984). An injunction is appropriate where a plaintiff, in addition to succeeding on the merits, establishes: (1) irreparable harm; (2) the absence of an adequate remedy at law; (3) a favorable balance of hardships; and (4) that an injunction is in the public interest. *Esso*

Standard Oil v. Lopez–Freytes, 522 F.3d 136, 148 (1st Cir.2008) *citing eBay v. MercExchange, LLC,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

Defendants' main argument against an injunction, one intertwined with their view on the merits, is that equitable relief is not in the public interest.[8] Specifically, the class seeks a remedy that, in Defendants' view, conflicts with Congress' clear goal of detaining certain individuals pending their removal without opportunity to seek bail. Their argument is essentially that § 1226(c) cannot be read as including a "reasonableness" requirement and that, therefore, a court order imposing one would be against the public interest.

■ Defendants' arguments, dependent almost exclusively on the merits of the case, cannot succeed. First, there can be no doubt that members of the class are suffering irreparable harm each day they are detained beyond six months without the opportunity to argue for release. *See Robbins,* 715 F.3d at 1144. Such detention is an emotional and physical ordeal for class members and is particularly severe for those who have colorable claims for release on bail during the pendency of their removal proceedings. Furthermore, the deprivation of due process rights, as is occurring here, is sufficient on its own to establish irreparable harm. *Cf. Romero Feliciano v. Torres Gaztambide,* 836 F.2d 1, 4 (1st Cir.1987).

The second factor is also easily satisfied. No monetary damages can remedy the harm alleged. As such, there exists no adequate remedy at law.

---

7. The court is also satisfied, given the plain language of the statute and the First Circuit's decision in *Arevalo v. Ashcroft,* 344 F.3d 1 (1st Cir.2003), that class-wide declaratory relief is available. *Reid II,* 297 F.R.D. at 193.

8. Defendants also focus on the preliminary nature of the relief requested. They correctly contend that a preliminary injunction, given the procedural posture of this case, would be duplicative.

In terms of the balance of hardships, Plaintiff has shown that an injunction would assist the class while imposing a negligible burden on the government. As this court has noted before, the court's order will not require the government to release a single individual. Instead, the government must simply provide class members the *opportunity* to argue for release. "This opportunity, of course, will not make actual release inevitable, or even necessarily likely." *Reid II,* 297 F.R.D. at 188. Besides the slight logistical challenge of providing individual bail determinations and hearings—a modest burden—the government loses nothing. Under such circumstances, the balance of hardships favors Plaintiff's position.

Finally, despite Defendants' contention, an injunction *is* in the public interest. The public has a general interest in upholding individuals' constitutional rights. *See Phelps–Roper v. Nixon,* 545 F.3d 685, 690 (8th Cir.2008), *overruled on other grounds by Phelps–Roper v. City of Manchester, Mo.,* 697 F.3d 678 (8th Cir.2012). Indeed, the public has an interest in ensuring that all persons, including aliens, obtain fair treatment in legal proceedings. Here, due process requires reading § 1226(c) in the manner discussed.[9]

Ultimately, a binding order requiring the government to comply with the constitutionally mandated interpretation of § 1226(c) is warranted. This is the only guarantee that the government will provide members of the class with the remedy they are entitled to.

### 3. *What Should Relief Entail?*

Since the court will be ordering permanent, injunctive relief, it must determine the shape of that order. Here, two issues must be addressed: (1) the notice, if any, the court should provide class members, and (2) the process to be used in making bail determinations.

### a. *Motion for Notice of Class Certification*

Notice for Rule 23(b)(2) classes is discretionary and should be ordered "with care." Fed.R.Civ.P. 23(d), advisory committee's notes to 2003 amendment. This special attentiveness is demanded because formal notice may not serve any purpose and the costs of providing notice may be substantial. *Id.*

Defendants believe that this case, particularly since the class is not seeking monetary damages, does not warrant notice. *See Key v. Gillette Co.,* 90 F.R.D. 606, 611–12 (D.Mass.1981). In their view, class members have counsel to represent their interests and notify them of their rights. Moreover, an individual's knowledge that he or she is a member of the class may be unrelated to whether this individual obtains a remedy. Alternatively, Defendants request that any order be limited to general, rather than individual, notice.

 This argument ignores the need class members will have to contact class counsel to obtain assistance in navigating the balky remedial process. The remedy the court will be imposing will be to require Defendants to afford each class member detained under § 1226(c) for over six months the same opportunity for a bail hearing available under § 1226(a). In order to access relief under § 1226(a), class members (including aliens with limited command of English) will themselves bear the burden to request bail hearings. To take this step, it is essential that aliens

9. Given the conclusions with respect to each factor, declaratory relief is also appropriate in this case.

actually know that they are members of the class and that they have counsel to assist them. Without this, the court's remedy will be, as a practical matter, illusory in many cases.

Notice is particularly essential for the class members transferred out of Massachusetts. At least two class members—after being detained in Massachusetts for over six months—have been transferred to other states. (Dkt. No. 97, Ex. 1.) Individual notice is critical for these members, who would not otherwise have access to any general notice provided in the Commonwealth.

The government should also shoulder the burden to provide the individual notice. Defendants are in exclusive possession of the names of individual class members. Further, the cost of providing the notice—since members are in its custody—will not be substantial. Indeed, the government, as discussed below, will need to provide each member with an individualized bail determination pursuant to § 1226(a). The government may provide notice of class certification simultaneously with that individualized decision—thereby further minimizing the burden. For all these reasons, the court will allow Plaintiff's motion on this point and will order that the government provide individual notice of class certification.

### b. *Logistics of Bail Determinations*

In terms of the specific remedy, Plaintiff contends that a number of protections beyond those provided in § 1226(a) are necessary. He justifies this approach by relying on the Ninth Circuit's decision in *Robbins*. There, the court affirmed a district court's decision to require the government to show "by clear and convincing evidence that continued detention is justified." *Robbins*, 715 F.3d at 1131; *see also Diop*, 656 F.3d at 223 (placing the burden of proof on ICE.)

Plaintiff argues that the court should adopt the Ninth Circuit's approach with respect to the burden and standard of review for these class members. He also requests that the government automatically schedule hearings as members enter the class and that the government maintain contemporary records of the hearings in the event of an appeal. Finally, Plaintiff seeks an order requiring Immigration Judges to consider all alternatives to detention when contemplating an individual's release on bail.

The court, of course, respects the Ninth Circuit's approach, but concludes that the government's recommendation—that the court should limit any remedy to the one available to detainees under § 1226(a)—is the better option. As the court recently discussed in *Gordon*, individuals who committed a § 1226(c) predicate offense should not receive *more* protections than § 1226(a) detainees.[10] As noted,

> Although the court has its concerns about the procedures used to effectuate the requirements of § 1226(a)—specifically the time between detention and a bail hearing as well as the ability of a detainee to ensure his or her request for a hearing makes its way to an Immigra-

---

**10.** In *Gordon*, § 1252(f)(1) also arguably barred the court from imposing a more intrusive remedial order beyond requiring the government to afford class members access to the § 1226(a) process. *Gordon* class members should have been classified as § 1226(a) detainees but, instead, were improperly held under § 1226(c). *Gordon*, 300 F.R.D. at 41– 42, 2014 WL 2120002 at *11. The class-wide remedy was rightly limited to rectifying that mistake. Here, no question exists that class members were properly categorized as § 1226(c) detainees, and thus § 1252(f)(1) offers no bar—if the court concluded it was appropriate—for a more detailed remedy.

tion official—as a matter of fairness, class members should not receive more than their counterparts who, it should be noted, have not committed any § 1226(c) predicate offense.

*Gordon,* 300 F.R.D. at 41–42, 2014 WL 2120002 at *11.

Class members here are detained, under valid statutory authority, for six months. Once a member's detention crosses that six-month barrier, he is entitled to seek some form of individualized analysis of his entitlement to release on bail. Section 1226(a) provides a reasonably effective way for class members to obtain the individualized assessment they are entitled to, without giving them heightened or special treatment that due process does not require. Therefore, the court will adhere to the approach it adopted in *Gordon* and order Defendants to apply § 1226(a) to all current and future class members.

## IV. *CONCLUSION*

The burden on the executive branch officials to manage our labyrinthine immigration system is heavy. The need to detain certain individuals pending removal cannot be denied. But, where the government applies a statute without consideration for constitutional guarantees, the rights of vulnerable aliens are at risk. The suggestion that § 1226(c) permits indefinite detention—for years, in some cases—without even the opportunity to request bail, ignores the assumption underlying this law, which Justice Kennedy recognized in *Demore,* that removal occur swiftly and that detention be "reasonable."

Accordingly, the court hereby ALLOWS Plaintiff's Motion for Summary Judgment (Dkt. No. 123), and Plaintiff's Motion for Notice of Class Certification (Dkt. No. 95), DENIES Defendants' Motion for Summary Judgment (Dkt. No. 117), and DENIES as moot Plaintiff's Motion for a Pre-

liminary Injunction (Dkt. No. 96). The court DECLARES as follows:

- As to every class member, the mandatory detention provision, 8 U.S.C. § 1226(c), applies only to aliens detained by the Department of Homeland Security ("DHS") for a "reasonable" period of time—specifically six months or less.

- As to every class member, an alien who is subject to detention pursuant to 8 U.S.C. § 1226(c) for over six months is entitled to an individual bail determination and a bond hearing before an Immigration Judge as contemplated in § 1226(a).

In accordance with that finding, the court hereby ORDERS the following:

- Defendants shall immediately cease and desist subjecting all current and future class members—that is, those detainees held under 8 U.S.C. § 1226(c) beyond six months—to mandatory detention under that statute.

- Defendants shall immediately determine the custody of every *current* class member under 8 U.S.C. § 1226(a) and timely provide a bond hearing to every class member that seeks a redetermination of his or her custody by an Immigration Judge pursuant to 8 C.F.R. §§ 1003.19 & 1236.1(d).

- As individuals enter the class at the six-month mark, Defendants will *immediately* determine the custody of each individual under 8 U.S.C. § 1226(a) and provide a bond hearing to every class member that seeks a redetermination of his or her custody by an Immigration Judge pursuant to 8 C.F.R. §§ 1003.19 & 1236.1(d).

- Defendants will provide individual notice of class certification, in both English and Spanish. Notice shall in-

clude a description of the class and the names and contact information for all class counsel. Notice may be provided either before, or simultaneously with, the initial bail determination under § 1226(a). Notice must be individually provided to:

- all current class members detained in Massachusetts;

- those who were detained in Massachusetts under 8 U.S.C. § 1226(c) for over six months without a bail hearing as of February 10, 2014, and have since been transferred out of the Commonwealth; and

- all future class members at the point they enter the class.

- On or before June 30, 2014, Defendants shall provide class counsel with a list of identified class members, including their names and alien numbers, and the facility in which they are detained.

- On or before July 31, 2014, Defendants shall submit to the court a report detailing the following:

 - any custody determinations made for class members, including the dates they were made, the determination, and, if applicable, whether the individual petitioned for a bail redetermination in front of an Immigration Judge;

 - any bond hearings held for class members, including the dates they were held and the outcomes of those hearings, including the amounts of any bond set; and,

 - the process and criteria by which class members have been identified.

The clerk shall set this matter for a status conference on September 15, 2014, at 4:00 p.m., to review Defendants' compliance with this order and to discuss entry of final judgment.

It is So Ordered.